(No. 77- CC-1766—)

THOMAS J. MURPHY, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Order filed April 18, 1979.*

POLOS, C.J.

This cause is before the Court following oral argument on Claimant's petition for a rehearing.

The case involves construction of Ill.Rev.Stat. Ch. 127, 132.11-1, which provides, in pertinent part:

"It is unlawful for any person . . . employed in any of the offices of state government . . . to have or acquire any contract, or any direct pecuniary interest in any contract therein, whether for stationery, printing, paper or for any services, materials or supplies, which will be wholly or partially satisfied by the payment of funds appropriated by the general assembly of the State of Illinois . . ."

Claimant is a former employee of the Illinois Liquor Control Commission. He had been employed by the commission from February 13, 1973, to and including June 30, 1977. On June 7, 1977, while Claimant was the executive director of the commission, he entered into a contract with the commission under which he was to render services subsequent to termination of his employment. Claimant seeks to recover the sum of $3,525.00 for services rendered under that contract.

Respondent opposes the claim, relying on the foregoing statute, and arguing that the contract between Claimant and the commission is void and of no effect.

On September 18, 1978, this Court entered an order

denying the claim herein, on the ground that the plain wording of the statute voided the contract between Claimant and the commission.

We thereafter granted a rehearing. Oral argument was had, and additional briefs had been filed by the parties.

The Court has carefully considered those briefs, and the arguments adduced at the hearing herein. The Court remains convinced, however, that the language of the statute in question is certain and unambiguous. The Court may therefore not construe that language, but rather must apply it as enacted by the legislature. See *Board of Education v. Chicago Teachers Union, 26 Ill. App. 3d 806, 326 N.E.2d 158, 161-2.*

It is agreed that Claimant entered into the contract in question while he was still an employee of the State of Ilinois. Under the terms of the foregoing statute, that contract is void and of no effect, and our order of September 18, 1978, denying this claim, will not be disturbed.